

United States District Court
Southern District of Texas
**ENTERED**
August 07, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> "Government," § <br> § <br> v. § <br> § <br> FRANCISCO CHAVEZ-ARRIAGA, § <br> "Defendant." § <br> § | Criminal Action No. 1:13-cr-00740-1 |

**ORDER**

Before the Court is Defendant's "Motion for Sentence Reduction Under 18 U.S.C. § 3582 . . ." (Dkt. No. 327) ("Motion for Sentence Reduction"), the Governments "Response to Defendant's *Pro Se* Motion for Sentence Reduction . . ." (Dkt. No. 332) ("Response"), Defendant's "Motion for an Order Directing the Government to Procure/Produce Petitioner's Post Rehabilitation Documents . . ." (Dkt. No. 328), and "Motion for an Order Directing the Government to Procure/Produce Petitioner's Medical Records and Additional Information in Support of Motion for Sentence Reduction . . ." (Dkt. No. 329) (together, "Motions to Compel"). For these reasons, Defendant's Motion for Sentence Reduction (Dkt. No. 327) is **DENIED**, and Defendant's Motions to Compel (Dkt. Nos. 328, 329) are **GRANTED**.

On November 3, 2014, Defendant was sentenced to 240-months of imprisonment following his conviction of Conspiracy to Possess Cocaine with Intent to Distribute and Possession of Methamphetamine with Intent to Distribute. *See* Dkt. No. 268. Defendant now contends there are "extraordinary and compelling" reasons justifying a sentence reduction. Dkt. No. 327 at 5. Specifically: (1) he has served several years of his sentence; (2) he received an unusually long sentence based on his minimal participation; and (3) he has established a record of rehabilitation showing that he is not a danger to the public. *Id.*

A district court may reduce a term of imprisonment on a defendant's motion, if (1) the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility[;]" (2) the district court considers the factors set forth in 18 U.S.C. § 3553(a); and (3) the district court finds "extraordinary and

compelling reasons warrant such a reduction." 18 U.S.C. § 3582 (c)(1)(A). Extraordinary and compelling reasons include: "(1) Medical circumstances of the defendant, (2) Age of the defendant, (3) Family circumstances of the defendant, (4) Victim of Abuse, (5) Other reasons, and (6) Unusually long sentence." U.S.S.G. § 1B1.13(b) (2023). The "other reasons" category includes circumstances that "are similar in gravity to those described in paragraphs (1) through (4)." *Id.* at (b)(5).

Defendant's proposed justifications for a sentence reduction are not severe enough to be considered extraordinary and compelling. Defendant argues he received an unusually long sentence despite his claimed minimal participation in the drug conspiracy. Yet Defendant's sentence was consistent with the United States Sentencing Guidelines ("U.S.S.G."), as Defendant received multiple enhancements based on the importation of methamphetamine, maintaining a premises for distributing narcotics, and Defendant's role as an organizer/leader of criminal activity. *See* Dkt. No. 120 at 16–17. Thus, Defendant's sentence does not qualify as unusually long, especially as the 240-month sentence constitutes an 84-month downward departure from the guideline range.[1]

Defendant's argument that he has served several years of his sentence is unavailing, as this constitutes the normal course of a prison sentence and does not rise to the level of extraordinary and compelling. Defendant's arguments of rehabilitation are unsupported, as Defendant does not make clear how he has been rehabilitated beyond expressing remorse. *See* Dkt. No. 327 at 6–7. Defendant's age of 58 is similarly insufficient to constitute extraordinary and compelling circumstances, despite the recidivism studies Defendant cites in support. Thus, these arguments, even together, are insufficient to meet the requirements for sentence reduction under 18 U.S.C. § 3582. Releasing Defendant early would not reflect the seriousness of his offense, afford adequate deterrence, or protect the public at large. For these reasons, Defendant's Motion for Sentence Reduction (Dkt. No. 327) is **DENIED**.

Defendant's request for appointment of counsel is **DENIED**. There is no constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Defendant's Motions to Compel (Dkt. Nos. 328, 329), which request the

---

[1] Defendant's guideline range in both the 2014 and current U.S.S.G. is 324–405 months based on a total offense level of 41. *See* Dkt. No. 120 at 16–17; *compare* U.S. SENT'G GUIDELINES MANUAL § 3 (U.S. SENT'G COMM'N 2014) *with* U.S. SENT'G GUIDELINES MANUAL § 3 (U.S. SENT'G COMM'N 2023).

2

production of his medical records and "post-rehabilitation documents[,]" are **GRANTED**. The Government is **ORDERED** to produce any requested records of completed rehabilitation programs or medical records to which Defendant has a right. *See* 28 C.F.R. § 513.42(a) ("Except for the limitations of paragraphs (c) and (d) of this section, an inmate may review records from his or her medical file . . . by submitting a request to a staff member designated by the Warden.").

Signed on this 7th day of August 2024.

Rolando Olvera
United States District Judge

3